IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No. **81-K-1754**

**KENNETH FLOYD,**
**ERNEST L. WALKER,**
**HAROLD TURMAN,**
**LEROY MARTINEZ,**
**DONALD G. EMIG,**
**JAMES MONTOYA,**
**JOHN POTTER,**
**EUGENE VELARDE,**
**RICHARD VELARDE,**
**JOHNNY H. CLAY,**

      Plaintiffs,

v.

**JOE ORTIZ, Executive Director of the Department of Corrections,**
**DEPARTMENT OF CORRECTIONS OF THE STATE OF COLORADO,**

      Defendants.

## ORDER

Kane, J.

This administratively closed 1981 prison litigation is before me on a Motion to Enforce Consent Decree Pursuant to Fed. R. Civ. P. 71 (Doc. 1) filed by Colorado Department of Corrections inmate, Justin Rueb, on behalf of himself and fourteen DOC inmate co-signatories. Mr. Rueb, proceeding *pro se*, claims DOC is violating various aspects of the 1982 Stipulation and Agreement entered in this case (the "Agreement") and seeks to enforce the Agreement under Fed. R. Civ. P. 71.

Under the Agreement and pursuant to the Tenth Circuit's rulings in *Floyd v. Ortiz*, 300 F.3d 1223 (10th Cir. 2002), I have continuing jurisdiction under the 1984 amendment to the 1982 Agreement, Art. XI, to consider claims of intended third-party beneficiaries of the original

1982 Agreement such as Mr. Rueb.  Under Article IX, § b of the Amended Agreement, however, third parties are required to contact class counsel, Steven Katzman, so that present counsel for both parties may have the opportunity to negotiate any claims of noncompliance.  Mr. Rueb purports to have done that, but maintains Mr. Katzman has "refused to examine" the papers he has sent or has "inappropriately determine[d] they have no merit."  Accordingly, Mr. Rueb challenges the adequacy of Mr. Katzman's representation and asks that he be replaced.  *See* Mot. for Ruling on Pending R. 71 Mot. and Combined Mot. for Replacement of Class Counsel (Doc. 4), at 2.  I find the request premature, and issue the following ORDER:

Mr. Katzman was involved in the drafting of the Amended Stipulation and has  reviewed similar grievances submitted by other nonparty DOC inmates.  *See* 8/26/2003 Joint Status Report filed on behalf of Mr. Ingram.  He is, as far as I can tell, still practicing law and is in the best position to perform the duties to which he specifically agreed in the 1984 Amended Agreement.  Accordingly,

Mr. Katzman is ORDERED to review Docs. 1-4 filed by Mr. Rueb and to confer with counsel of record or an appropriate designee Colorado Attorney General's Office in an effort to resolve any DOC noncompliance with the Agreement.  Counsel shall together cause to be filed a Joint Status Report detailing the substance of their negotiations and stating whether Mr. Rueb has grounds for an independent claim against the state for enforcement and, if so, whether he has satisfied the prerequisites under the Agreement for initiating one.[1]  Because Mr. Katzman

---

[1] Under the terms of the Agreement, the procedure when an inmate's attempts to redress alleged noncompliance through the DOC's internal grievance procedure and through negotiation by class counsel fail is that "the inmate may present a claim against the state pursuant to the appropriate statutory requirements, e.g., Colorado's Government [sic] Immunity Act." Amended Stipulation and Agreement, Art. IX, § c. The Agreement also provides that it is the responsibility of the DOC staff to inform the inmate population, including Mr. Ingram, of the procedure for filing such a claim. *Id.* § d.

appears to have relocated his practice to Colorado Springs without any change of address in this closed case, the Clerk shall efile this Order to Mr. Katzman's address of record and also send a courtesy copy to the following address, obtained from the 2009 Colorado Legal Directory:

Steven Katzman, No. 9041
320 S. Nevada Ave.
Colorado Springs, CO  80903

In addition, given the age of this case and the age of this Judge, allegations of continued noncompliance with an Agreement that is older than many of the DOC inmates making them are ripe for abuse and will, eventually, be considered wholly by individuals and judges having no direct knowledge of any of the proceedings in this case.  The requirement that consented agreements be subject to monitoring and reopening and reexamination, in perpetuity, turns the concept of finality on its head and proves itself a path ill-taken.  It may be that the procedure established in the 1984 Amended Agreement is fine and that Mr. Katzman will pass care of this case along with his other worldly possessions in his will.  Or it may be that the case is an anachronism that has served its purpose and now should be dismissed and closed without further monitoring or opportunity to reopen.  At that point, inmates who believe their canteen accounts have been unconstitutionally mishandled or misappropriated may commence new actions under 42 U.S.C. § 1983 based on their own facts and allegations as they exist in the 21st, rather than 20th, century, and obtain relief, or not, under the law that applies today.  It is therefore

FURTHER ORDERED that counsel, as part of its obligation to confer regarding Mr. Rueb's filings, shall also confer for the overarching purpose of REEXAMINING the Complaint in this case, together with the 1982 Agreements on which Judgment entered, as amended, with an eye to further amendment up to and including a formal closure/dismissal this action in its entirety.  A statement regarding the result of this reexamination SHALL BE INCLUDED in the

parties' Joint Status Report, which is due on or before January 15, 2010.

Dated December 17, 2009.

                                                             **s/John L. Kane**
                                                           SENIOR U.S. DISTRICT JUDGE