IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No. **81-K-1754**

**KENNETH FLOYD,**
**ERNEST L. WALKER,**
**HAROLD TURMAN,**
**LEROY MARTINEZ,**
**DONALD G. EMIG,**
**JAMES MONTOYA,**
**JOHN POTTER,**
**EUGENE VELARDE,**
**RICHARD VELARDE,**
**JOHNNY H. CLAY,**

      Plaintiffs,
v.

**ARISTEDES ZAVARAS, et al.**

      Defendants.

---

**ORDER GRANTING MOTION TO TERMINATE PROSPECTIVE RELIEF
PURSUANT TO 18 U.S.C. § 3626(B) AND CLOSING CASE**

---

Kane, J.

      Pursuant to my Order dated December 17, 2009, counsel for Plaintiffs and Defendants investigated recent pro se filings by DOC inmate Justin Rueb seeking to enforce the 1982 settlement as a third-party beneficiary. On March 2, 2010, they filed a Joint Status Report (Doc. 15) setting forth the results of their investigation and their positions regarding the overall status of this case, together with an Unopposed Motion to Terminate Prospective Relief Pursuant to 18 U.S.C. § 3626(B) (Doc. 16). The Unopopsed Motion to Terminate is before me now for ruling.

      Section 3626(b) of title 18, United States Code, provides that when a court orders prospective relief in a prison civil rights case, that relief shall be terminable upon motion of any party after certain periods of time have passed. Specifically, 18 U.S.C. § 3626(b) states:

**(b) Termination of relief.--**

**(1) Termination of prospective relief.– (A)** In any civil action with respect to prison conditions in which prospective relief is ordered, such relief shall be terminable upon the motion of any party or intervener–

(i) 2 years after the date the court granted or approved the prospective relief;

(ii) 1 year after the date the court has entered an order denying termination of prospective relief under this paragraph; or

(iii) in the case of an order issued on or before the date of enactment of the Prison Litigation Reform Act, 2 years after such date of enactment.

The settlement agreement providing for prospective relief in this case was entered in 1982, and amended in 1984. The Prison Litigation Reform Act (PLRA) was enacted twelve years later, in 1996. *See* Prison Litigation Reform Act of 1995, Public L. No. 104-134, 110 Stat. 1321 (April 26, 1996). Under the applicable statutory language, this action was therefore terminable under § 3626(b) in 1998, two years after the PLRA's enactment.

Even if this action were not terminable under § 3626, Mr. Rueb lacks standing to intervene in or proceed under the terms of the settlement agreement. Mr. Rueb was not a party to the original agreement and has failed to meet the legal and procedural requirements for "enforcing" it as a third party beneficiary under Fed. R. Civ. P. 71. Moreover, even if Mr. Rueb could proceed under Rule 71, his contention that the DOC violates the terms of the settlement by using the inmate canteen fund to place flat-screen TVs/computer monitors in individual inmate cells is without merit as a matter of fact or law.

Defendants' Unopposed Motion to Terminate Prospective Relief Under 18 U.S.C. § 3626(b) is GRANTED. The prospective relief afforded the named inmates under the terms of the 1982 settlement agreement, as amended in 1984, is TERMINATED and this case is DEEMED CLOSED. No further pro se filings will be accepted in this case, and any filings

received in contravention of this order may be STRICKEN.

Dated March 4, 2010.

                                                        **s/John L. Kane**
                                                        SENIOR U.S. DISTRICT JUDGE